# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30196

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel D. Aikens,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CR-23-1

———————————————————————

Before Ho, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Daniel Aikens on three counts of making a destructive device, in violation of 26 U.S.C. § 5861(f); three counts of possession of an unlawful destructive device, in violation of 26 U.S.C. § 5861(c); one count of use of an explosive device to commit a felony, in violation of 18 U.S.C. § 844(h); and one count of conveying false information, in violation of 18 U.S.C. § 844(e). The district court sentenced Aikens to 192 months in

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prison. Aikens timely appeals the district court's final judgment. *See* 28 U.S.C. § 1291. Aikens argues that the district court's jury instructions contained plain error and a structural error. We conclude that the jury instructions were invited error. But even under plain error review, the jury instructions were sufficient. We AFFIRM.

## I.

Prior to trial, the parties submitted joint jury instructions. Aikens now attacks the district court's jury instructions for omission of two points that were also absent from the jointly submitted jury instructions. First, Aikens alleges the district court improperly failed to instruct on the "definition" of a destructive device under 26 U.S.C. § 5845(f). Yet, the jury instructions Aikens himself submitted to the district court did not include the now alleged "definition" of a destructive device. Second, Aikens alleges the district court failed to instruct that destructive devices under 26 U.S.C. § 5861 must be made in the United States. Yet again, Aikens did not request jury instructions with language requiring that the devices must be made in the United States. Both these alleged errors were invited. This court will not reverse invited error without a manifest injustice. *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 310 (5th Cir. 2023). Aikens does not even attempt to show, nor can he, that a manifest injustice occurred. *See id.*

## II.

Alternatively, the district court did not plainly err. When a defendant fails to object to jury instructions in the district court, the plain error doctrine applies. *United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018). Plain error requires that "(1) there was an error, (2) that was clear or obvious, (3) that affected [Aikens's] substantial rights, and (4) that we should exercise our discretion to remedy the error because it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Garcia-Ascanio*, 74 F.4th at 309

(citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (internal quotation marks omitted).

The district court did instruct the jury on the definition of destructive device. Aikens argues that 26 U.S.C. § 5845(f) contains language that a destructive device must be "designed for use as a weapon." And he alleges the district court's failure to include in the jury instruction that a destructive device must be "designed for use as a weapon" is an omission of the "definition" of destructive device, and therefore plain error. However, this court has said that the "designed for use as a weapon" language "is an affirmative defense, not an element of the crime." *United States v. Brannan*, 98 F.4th 636, 637 (5th Cir. 2024). Thus, it was not error to exclude that language. The statutory term "destructive device" can be accurately described in a jury instruction without including the affirmative defense of "designed for use as a weapon" because the statutory definition already includes "explosive bombs." *Id.* at 639; *see also United States v. Beason*, 690 F.2d 439, 445 (5th Cir. 1982). And at trial, the Government provided "ample evidence" that the bombs were designed for use as a weapon. *Brannan*, 98 F.4th at 640. This included Aikens calling one of the victims of his scheme on the phone and threatening to "kill" her children with a bomb he told her he had already planted in her house unless she sent him $10,000—even if that meant she had to rob a nearby bank. Aikens never presented evidence that the bombs were not intended for use as a weapon. He instead pursued an "alternative suspect" theory arguing that his acquaintance from jail had made and detonated the bombs. The jury found the government's account convincing and convicted Aikens.[1] *Brannan*, 98 F.4th at 640 ("The jury retains the sole

---

[1] Aikens elected not to testify.

authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses.") (citations omitted).

The district court did not err by not instructing the jury that a destructive device must be made in the United States. Whether the device is made in the United States is not an element of the crime either. *See* 26 U.S.C. § 5861; *United States v. Tovar*, 719 F.3d 376, 390 (5th Cir. 2013). And in any event, such exclusion could not affect Aikens's rights. As Aikens seems to admit, no evidence presented showed that Aikens made the bombs outside of the United States. Instead, the evidence showed that the police found bomb making materials including metal pipes and explosive powder in Aikens's Louisiana home. And it showed that the police found blast damage in Aikens's kitchen from a bomb that had exploded there while he was making it. Further, the evidence includes security video evidence of Aikens purchasing bomb components from a local Hobby Lobby and Walmart, both in Louisiana. Aikens presented no evidence that the bombs were made outside of the United States. And the jury convicted Aikens on all three counts of making a destructive device, three bombs. Aikens admittedly produced no evidence that the bombs could have been made outside of the United States and the record contains ample evidence showing the bombs were made in Louisiana.

Because neither of Aikens's attacks on the district court's jury instructions unveil an error, Aikens's compounding error argument also fails.

## III.

The district court did not err, nor did it do so clearly or obviously. Nor did the supposed errors affect Aikens's substantial rights or seriously cast a pall on the public reptation of not just this judicial proceeding, but "judicial proceedings" generally. *Puckett*, 556 U.S. at 143.

We Affirm.